*63 FINDINGS OF FACT AND CONCLUSIONS
LUHRING, J.
The Court finds that on the 7th day of November, 1930, the plaintiff, Laura A. Simmons, was the owner of the following described real estate in the District of Columbia, to wit:
Part of Lot 28 in Patterson Bayne, Jr. and others’ subdivision of part of square 920, as per plat recorded in Liber 24 folio 48 of the records of the office of the Surveyor of the District of Columbia, described as follows: Beginning for the same at a point distant 45.05 feet South on the East line of Eighth Street from its intersection with the South line of East Capitol Street, which point is the center of the division wall between houses Nos. 4 and 6, Eighth Street South East, and running thence South on said Eighth Street 24.64 feet; thence East at right angles to Eighth Street, 24 feet; thence North parallel to Eighth Street 24.64 feet; and thence west 24 feet to the beginning.
That on said 7th day of November, 1930, the said plaintiff, Laura A. Simmons, by her promissory note, and for value received, promised to pay to the defendant, James F. Freer, three years after date, the sum of Five Thousand Dollars, together with interest thereon at the rate of six per centum per annum until paid, payable semi-annually, and each installment of interest to bear interest after maturity, if not then paid, at the rate aforesaid.
That to secure the prompt payment of said note and interest when and as the same should become due and payable, and all costs and expenses incurred in respect thereto, including reasonable counsel fees, the said plaintiff, Laura A. Simmons, on said 7th day of November, 1930, executed and delivered to the defendants, E. Stuart Poston and Leroy Gaddis, as trustees, a deed of trust to the real estate herein-above described, in and upon the trusts in said deed declared, among others, that “upon any default or failure being made in the payment of the note or of any installment of principal *64 or interest thereon, when and as the same shall become due and payable . . . then and at any time thereafter the said parties of the second part (trustees Poston and Gaddis) . . . shall have the power and it shall be their duty thereafter to sell . . . the said described land and premises at public auction, upon such terms and conditions, in such parcels, at such time and places, and after such previous public advertisement as the parties of the second part (trustees Poston and Gaddis) . . . shall deem advantageous and proper; and to convey the same in fee simple, upon compliance with the terms of sale, to, and at the cost of, the purchaser or purchasers thereof, who shall not be required to see to the application of the purchase money and of the proceeds of said sale: Firstly, to pay all proper costs, charges, and expenses, including all fees and costs herein provided for, and all moneys advanced for taxes, insurance, and assessments . . .; Secondly, to pay whatever may then remain unpaid of said promissory note; . . . and Lastly, to pay the remainder of said proceeds, if any there be, to said party of the first part (Laura A. Simmons), her heirs or assigns, upon the delivery and surrender to the purchaser . . . of possession of the premises ...”
That by the terms of said deed of trust, the plaintiff, Laura A. Simmons, agreed, among other things, to pay all taxes and assessments, both general and special, that may be assessed against or become due on said land and premises during the continuance of said trust.
That because of the default of the plaintiff in the payment of the interest due on said note on the 7th day of November, 1932, and on the 7th day of May, 1933, and her default in the payment of taxes due on said property for the second half of 1931 and for the first and second halves of 1932 and 1933, the defendant trustees, by virtue of said deed of trust, on the 18th day of May, 1933, caused to be inserted in the Washington Herald, a newspaper of general *65 circulation in the city of Washington, District of Columbia, an advertisement for the sale of the real estate hereinabove described, at public auction, on the 29th day of May, 1933.
That on the 27th day of May, 1933, the plaintiff filed her bill in equity in this court wherein she sought to enjoin such sale and to declare the trust usurious and to remove the trustees. Said cause is Equity Number 55,740 on the Equity Docket of this court, and is entitled Laura A. Simmons v. James F. Freer, E. Stuart Poston, Trustee, and Leroy Gaddis, Trustee. The bill in said cause, in paragraph three thereof, alleged:
“That defendant Gaddis is agent for defendant Freer and has collected the interest for defendant Freer during the entire time and defendant Poston is agent for defendant Freer collecting rents from and handling all his properties and neither trustee is such disinterested party as fits him to be a trustee where defendant Freer is secured.”
That in answering said bill, the defendant trustees, Poston and Gaddis, among other things, stated under oath as follows:
“Further answering said bill of complaint, these defendants say that they have no personal interest in the property proposed to be foreclosed upon, or the proceeds therefrom; that their only interests are those of trustees as contemplated by the terms of the deed of trust; that, should either the Court or the holder of the note secured by said deed of trust desire, they are willing to resign as trustees; and that they attach hereto, as a part hereof, their tendered resignations, subject to acceptance by the Court and/or James F. Freer, holder of the note secured by the deed of trust aforesaid.”
The resignation tendered by said trustees, subject to acceptance by the Court or James F. Freer, reads as follows:
“We, E. Stuart Poston and Leroy Gaddis, trustees under and by virtue of a certain deed of trust duly recorded in Liber 6503, Folio 475, etc., of the Land Records of the District of Columbia, do hereby tender our resignation as trustees under said deed of trust.”
*66 That while said cause was pending, and on the 30th day of June, 1933, the defendant trustees sold said property under said deed of trust. The defendant Freer became the purchaser thereof, and a deed thereto was duly executed and delivered to him by the trustees, July 5th, 1933. Shortly thereafter, the defendant Freer instituted a landlord and tenant proceeding in the Municipal Court of the District of Columbia for possession of the property.
That on the 25th day of September, 1933, the plaintiff, Laura A. Simmons, filed in said Equity Cause No. 55,740, a pleading designated as an “Ancillary petition to Recover and Restore property and for contempt,” wherein she prayed that the sale on June 30, 1933 be declared null and void and vacated, and that the trustees, Poston and Gaddis, be adjudged in contempt of court.
That said cause (Equity No. 55,740) came on for final hearing before Mr. Justice Bailey, and on the 13th day of December, 1933, he rendered an opinion in writing, as follows:
“I do not think that the plaintiff has shown that she is entitled to the relief which she seeks. Even if the loan was usurious, she has made no tender of the amount due with legal interest, and she has failed to pay the taxes due upon the property.
“However it appears that the trustees named in the deed of trust tendered their resignation to the Court, but while that question was pending, proceeded nevertheless to execute the trust and sell the property involved. In my opinion this was a contempt of court, and the sale should be vacated. I do not think that the trustees were guilty of conscious bad faith, and no penalty will be inflicted save the forfeiture of any commissions for the sale which is set aside, and the costs of the sale.”
That subsequently, and on the 4th day of May, 1934, a final decree was entered in said Equity No. 55,740, as follows:
“This cause coming on to be heard on the pleadings *67 and testimony adduced on both sides, and being argued by counsel and considered by the Court, it is this 4th day of May, 1934, by the Court, Adjudged, Ordered and Decreed, as follows:
“1. That the trustees, in proceeding with the sale of Lot 28, Square 920, after tendering their resignation to this Court and during the pendency of this case, were in contempt of Court, and said sale of June 30, 1933, to James F. Freer, is hereby vacated and set aside, and the trustees’ deed to said James F. Freer in pursuance of said sale is hereby vacated, set aside, and declared null and void; the said trustees not being guilty of conscious bad faith, no penalty will be inflicted save the forfeiture of any commissions for the aforesaid sale and the costs of sale; and
“2. That the plaintiff having failed to show that she is entitled to the relief she seeks, the bill be, and the same hereby is, dismissed.
“By the Court:
‘ ‘ Jennings Bailey,

Justice.”

The Court further finds that the plaintiff, Laura A. Simmons, continued in default and failed and refused to pay the interest long past due on said note and also the taxes, and that, because of said default, the defendant trustees, Poston and Gaddis, on the 4th day of October, 1934, and by virtue of the deed of trust, caused to be inserted in the said Washington Herald, an advertisement for the sale at public auction of said property on the 16th day of October, 1934, at 3 p. m.
That on said 16th day of October, 1934, and before the hour fixed for such sale, the plaintiff filed her bill herein which she designated as a ‘ ‘bill to remove cloud and/or cancel Trust and for injunction,” and praying for relief, as follows:
“That the said deed of trust set out in the bill be declared satisfied and be cancelled and released of record and said defendants be required to return to the plaintiff a note secured thereunder; that the said advertisement of *68 the said pretended trustees for October 16,1934 be declared null and void and without any authority and in contempt of Court; that plaintiff be granted judgment against the defendants for $2500 as punitive damages in addition to the damages set out in her action at law No. 84448 above; that the said defendants be enjoined and restrained from taking or seeking any further actions or making any further advertisements or attempts to sell the said premises under the said notice or any other notice under the deed of trust; that the plaintiff be granted all such further other and general relief as her cause may require and to equity may seem just and proper, including Counsel fees and costs.”
The defendants answered and, by way of cross-bill, seek affirmative relief and pray that the trustees under said deed of trust be authorized and directed to foreclose upon the property therein described.
The Court further finds that the defendant trustees, Poston and Gaddis, did not, by reason of their tender of resignation hereinabove set out, resign their trust under said deed of trust; that said resignation was conditioned upon the acceptance of the same by the Court or by the defendant Freer, and that neither the Court nor the defendant Freer accepted such resignation.
That said trustees were, and now are, in all respects qualified to act as trustees under said deed of trust, and, in advertising said property for sale at 3 p.'m. on October 16th, 1934, in the manner stated, said trustees acted under and by virtue of the authority conferred upon them by said deed of trust, and acted in entire good faith.
That on said 4th day of October, 1934, when said trustees caused the advertisement for the sale of said property to be inserted in the said Washington Herald, the plaintiff, Laura A. Simmons, was in default in that she had failed and refused to pay the principal and interest of said promissory note, then long past due, and had failed and refused to pay the taxes on said property. That neither at the hearing of this cause on the 28th and 29th days of May, *69 1935, nor at any other time, did the plaintiff pay or tender payment of the amount due to the defendant Freer; and that said note, interest and taxes were then and now are wholly unpaid.
The Court further finds that the allegations in paragraphs 5 and 6 of the bill, charging the defendants with misconduct, are not sustained by the evidence, and that the defendants and each of them acted in a lawful and proper manner, and that the plaintiff sustained no injury by reason of their conduct; and that the plaintiff is not entitled to recover damages, either compensatory or punitive, from the said defendants or either of them.
The Court further finds that the plaintiff sustained no damage by reason of the sale of the property on the 30th day of June, 1933, which was vacated and set aside by decree of this Court on the 4th day of May, 1934.
CONCLUSIONS
That the plaintiff is not entitled to the relief sought, and, therefore, the bill must be dismissed.
That by reason of the default of the plaintiff in failing to pay the principal and interest long past due on said promissory note, and her default in failing to pay the taxes, it is the duty of the trustees, by virtue of the terms of said deed of trust, to proceed to sell said property at public auction upon such terms and conditions, at such time and place and after such previous public advertisement as they shall deem advantageous and proper, and, therefore, the relief prayed for in the cross-hill must be granted, and the trustees authorized and directed to carry out their trust in this behalf.
It is so ordered.
Counsel will prepare appropriate decree.